Anastasi Pardalis
Pardalis & Nohavicka, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

|  |  |  |
|---|---|---|
| GIANNIS ANTETOKOUNMPO, | ) | |
| *Plaintiff,* | ) | Civ. Case No. |
| | ) | |
| -v- | ) | |
| | ) | |
| SPORTZ CASES, LLC | ) | **COMPLAINT** |
| *Defendant.* | ) | **JURY TRIAL DEMANDED** |

Plaintiff, GIANNIS ANTETOKOUNMPO ("Antetokounmpo" or "Plaintiff"), an individual, by and through its undersigned attorneys, PARDALIS & NOHAVICKA, LLP, hereby alleges as follows against Defendant SPORTZ CASES, LLC ("Sportz Cases" or "Defendant"):

## NATURE OF ACTION

1.  Antetokounmpo brings this action for the infringement of his GREEK FREAK trademark by Defendant through the unauthorized use of the GREEK FREAK mark, including, without limitation, by advertising, marketing, promoting, distributing, displaying, offering for sale and selling unlicensed infringing products bearing the GREEK FREAK brand label.

2.  This action involves claims for:

    1)  Trademark infringement of Antetokounmpo's federally registered mark in violation of §32 of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1051 *et seq.*;

1

2)    Counterfeiting of Antetokounmpo's federally registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c);

3)    Federal Trademark Dilution;

4)    False designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended with 15 U.S.C. § 1125(a);

5)    Common Law Trade Name, Trademark and Service Mark Infringement;

6)    Deceptive Acts and Practices (N.Y. Gen Bus L. § 349);

7)    Common Law Trademark Dilution;

8)    Common Law Unfair Competition;

9)    Unjust Enrichment;

10)    Tortious Interference with prospective economic advantage;

11)    False Labeling in Violation of the Lanham Act;

12)    Conspiracy and Concert of Action; and

13)    Violation of Antetokounmpo's right of publicity (NY Civ Rights Law § 50-51).

3.    Antetokounmpo is widely identified by his nickname the "Greek Freak." Further, he has been using his nickname, Greek Freak, as a trademark in U.S. commerce (the "GREEK FREAK mark"); Antetokounmpo's products are distributed under the GREEK FREAK mark at stores and markets throughout the United States.

4.    Antetokounmpo has expended substantial time, money and resources successfully developing, promoting and advertising his GREEK FREAK-branded products.

5.     Through his efforts, and as a result of Antetokounmpo's continuous and extensive use of his GREEK FREAK mark, Antetokounmpo's GREEK FREAK mark has become famous, and exclusively associated with Antetokounmpo and Antetokounmpo's products.

6.     Nevertheless, upon information and belief, Defendant has been designing, selling and distributing phone cases under the GREEK FREAK brand mark.

7.     Upon learning of Defendant's unauthorized use of the GREEK FREAK mark and brand, Antetokounmpo took immediate action and asked Defendant to provide him with a full accounting of all merchandise sold by Defendant that is infringing upon Plaintiff's trademark (the "Infringing Products").

8.     Moreover, Antetokounmpo demanded that Defendant cease selling the Infringing Products using the GREEK FREAK mark and brand.

9.     Defendant, after receiving Antetokounmpo's cease and desist letter, failed to cooperate to provide a truthful record of his profits from the sale of GREEK FREAK branded products.

10.     Defendant, instead, changed the name of the product from "The Greek Freak" to "The Baller" and continues to sell the product.

11.     As a result of Defendant's wrongful conduct, Antetokounmpo brings this action for monetary and injunctive relief.

<u>**JURISDICTION AND VENUE**</u>
<u>**Federal Question Jurisdiction and Supplemental Jurisdiction**</u>

12.     This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. and the statutory and common laws of the State of New York. This Court has subject matter jurisdiction over this action over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367(a), because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York and in this judicial district, and/or derives substantial revenue from his business transactions in New York and in this judicial district and/or otherwise avails himself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a)      Upon information and belief, Defendant has been systematically directing and/or targeting his business activities at consumers all over the country, including New York, through his website where consumers can place orders.

b)      Defendant's website provides information about and describes the goods sold; it further allows online sales with the use of a credit card and other means of payment, and it provides for shipping of purchased items.

c)      Upon information and belief, Defendant is aware of the products that Antetokounmpo offers, namely the GREEK FREAK products and the GREEK FREAK mark. Defendant is aware that his infringing actions, alleged herein, are likely to cause

4

injury to Antetokounmpo in New York and in this judicial district specifically, as Antetokounmpo conducts substantial business in New York.

15.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because acts giving rise to this complaint occurred within this judicial district.

## THE PARTIES

16.     Plaintiff, Giannis Antetokounmpo, is an individual residing in Chicago, Illinois. Antetokounmpo is an internationally famous athlete and professional basketball player. Born in Greece and currently residing in the United States.

17.     In 2007, Antetokounmpo stated playing basketball, and by 2009, he was playing competitively for the youth squad of Filathlitikos. From 2013 to the present, he is playing for the Milwaukee Bucks in the National Basketball Association ("NBA"). Antetokounmpo recently won the MVP at the 2019 NBA Awards.

18.     Giannis Antetokounmpo is widely known under his nickname the "GREEK FREAK." His popularity has been rising over the last years and he has participated or licensed his name/nickname and/or likeness to various brands and campaigns.

19.     Upon information and belief, Defendant is a New York limited liability company with an address at 1455 East 15th Street, Brooklyn, New York, 11230, and an email address: info@SportzCases.com.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### Antetokounmpo's well-known GREEK FREAK Mark

20.     Antetokounmpo has built a strong reputation for his professional skills which is further reflected in the quality of the products he offers.

21.     Antetokounmpo has continually used his GREEK FREAK mark in connection with his products in U.S. commerce at least as early as 2017. He has been identified as the "GREEK FREAK" even earlier than that, due to his impressive professional abilities and achievements.

22.     During this time, Plaintiff has engaged in substantial advertising and promotion, and has expended substantial time, money and resources successfully developing and promoting the GREEK FREAK mark and brand.

23.     Plaintiff has also entered into licensing and other similar agreements with thirds parties, for the authorized use of the GREEK FREAK mark in commerce in connection with a variety of goods.

24.     The GREEK FREAK products are directly associated with Antetokounmpo as he is recognized as the "Greek Freak," and they distinguish themselves among competitive products based on their association with Antetokounmpo and their superior design and quality.

25.     In addition to continuous and uninterrupted use in commerce, Antetokounmpo has applied for, and obtained a federal registration for his GREEK FREAK mark (**EXHIBIT A**). Antetokounmpo has also applied for a variation of his GREEK FREAK mark, namely for the mark "GREEK FR34K" which includes the numbers appearing on his NBA jersey. This mark has been approved for registration and no third party oppositions have been filed against it; therefore it will be registered with the United States Patent and Trademark Office soon (**EXHIBIT B**). This mark also covers apparel and related items, among others.

26.     Antetokounmpo's U.S. trademark registration for the GREEK FREAK mark covers "Backpacks" in International Class 18 and "Shirts, t-shirts, sweatshirts, hooded

sweatshirts, jackets, hooded jackets, sports jerseys, socks, warm up suits, caps, hats" in International Class 25 (Registration No. 5401870).

27.    Antetokounmpo has expended substantial time, money and resources successfully developing, promoting and advertising his GREEK FREAK mark.

28.    Antetokounmpo has sold tens of thousands of dollars of products under the GREEK FREAK mark.

29.    Antetokounmpo has used the GREEK FREAK brand continuously and exclusively, and any products offered under that mark are directly associated with him.

30.    As a result, Plaintiff's mark has become famous, and an extremely valuable asset for Plaintiff.

**Defendant's Infringing Activities**

31.    Notwithstanding Antetokounmpo's established rights in the GREEK FREAK mark, upon information and belief, Defendant has advertised and sold various products under the "GREEK FREAK" name through various mediums including its website https://sportzcases.com/ (**EXHIBIT C**), its Instagram account (**EXHIBIT D**), and on Etsy https://www.etsy.com/shop/SportzCases?page=2#items (**EXHIBIT E**).

32.    Defendant has engaged in this infringing activity despite having constructive notice of Antetokounmpo's federal trademark rights under 15 U.S.C. § 1072 and despite having actual knowledge of Antetokounmpo's use of the GREEK FREAK mark, since Defendant offers directly competitive products in the same marketplace.

33.    Defendant's use of the GREEK FREAK mark postdates the date of first use of the GREEK FREAK mark by Plaintiff.

34.     Plaintiff never authorized Defendant to design, advertise, sell and distribute products bearing the GREEK FREAK mark.

35.     On October 4, 2019, Plaintiff, through his attorneys, sent a Cease and Desist letter to Defendant (**EXHIBIT F**), alerting it of Plaintiff's exclusive rights in the mark and requesting an accounting of all profits generated. Defendant failed to cooperate with Plaintiff's reasonable requests contained in this letter, never provided any evidence showing the cessation of his infringing activities, and never provided any accounting of his profits from sales of merchandise under the GREEK FREAK mark.

36.     Despite Defendant's failure to respond to Plaintiff's Case and Desist letter, shortly after the letter was sent, Defendant changed the name of the product with Plaintiff's image from "The Greek Freak" to "The Baller" on its website (**EXHIBIT G**). The same product is still on sale under a different name.

37.     Upon information and belief, before removing the "GREEK FREAK" from its website, Defendant had made substantial sales of products under it, capitalizing upon Plaintiff's famous mark.

38.     Upon information and belief, the products offered by Defendant under the GREEK FREAK mark were of a particular aesthetic not aligned with Plaintiff and of a substantially lower quality than the products offered by Plaintiff. Therefore, Defendant's actions constitute trademark dilution by tarnishment.

39.     Defendant's use of the GREEK FREAK mark is directly competitive with Plaintiff's use of the mark on his products and has caused confusion, mistake, and deception as to the source of Defendant's goods and services.

40.     Defendant's failure to cooperate with Plaintiff in the face of a demand to cease and desist its infringing activities and to provide proof of sales and profits derived therefrom, demonstrates Defendant's bad faith intent to profit from Plaintiffs success, by misleading, confusing and deceiving consumers.

41.     There is no question that the products sold by Defendant under the GREEK FREAK mark were sold by Defendant with the purpose of confusing and misleading consumers into believing that they are purchasing products associated with or endorsed by Giannis Antetokounmpo, one of the most successful and popular NBA players. Defendant therefore traded off the goodwill and reputation of Antetokounmpo by engaging in the unauthorized use of Antetokounmpo's trademark and publicity rights.

## FIRST CAUSE OF ACTION
### Trademark Infringement of Plaintiff's Federal Registered Mark
### [15 U.S.C. § 1114/Lanham Act § 32(a)]

42.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

43.     Since the early days of his career, Antetokounmpo has been identified as the "GREEK FREAK," and since at least as early as 2017, he has continuously and extensively used the GREEK FREAK mark in commerce, and has built its reputation under the same mark.

44.     Antetokounmpo owns Federal Registration No. 5401870 for the GREEK FREAK mark. This registration is valid, substituting, and prima facie evidence of the validity of the GREEK FREAK mark, Antetokounmpo's ownership of the mark, and Antetokounmpo's exclusive right to use the mark in commerce.

45. Defendant made unauthorized use of the GREEK FREAK mark for phone cases that are confusingly similar to, related to, and directly competitive with Antetokounmpo's goods sold under the GREAK FREAK mark.

46. Defendant's unauthorized use of the GREEK FREAK mark is likely to cause confusion, mistake, and deception as to the source, sponsorship or approval of Defendant's products and/or result in the mistaken belief that Defendant is somehow legitimately affiliated, connected or associated with Antetokounmpo.

47. Defendant's aforesaid act, specifically Defendant's unlawful misappropriation of the GREEK FREAK mark, constitute willful trademark infringement of a federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

48. By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its business reputation and goodwill and will sustain loss of revenue and profits.

49. Unless enjoined by this Court, Defendant will potentially continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendants wrongful acts.

**SECOND CAUSE OF ACTION**
**Trademark Counterfeiting Under Section 32, 34 and 35 of the Lanham Act,**
**15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)**

50. Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

51. Plaintiff is the exclusive owner of all right and title to the GREEK FREAK mark.

52.     Plaintiff has continuously used the GREEK FREAK mark in interstate commerce since on or before the date of the first use as reflected in its registration attached hereto as **Exhibit A**.

53.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's rights in the GREEK FREAK mark and with knowledge that Defendant's products bear counterfeit marks, Defendant intentionally reproduced, copied and/or colorably imitated the GREEK FREAK mark on products which are indistinguishable from the actual/original products offered under the GREEK FREAK mark by Plaintiff.

54.     Defendant's infringing products are likely to cause confusion, mistake and deception among the general purchasing public as to the origin of these infringing products, and are likely to deceive consumers, the public and the trade into believing that Defendant's infringing products originate from, are associated with or are otherwise authorized or endorsed by Plaintiff.

55.     As a direct and proximate result of Defendant's illegal actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, his business, reputation and valuable rights in the GREEK FREAK mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial.

56.     Plaintiff has no adequate remedy at law.

57.     Unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff.

58.     Plaintiff is entitled to injunctive relief, damages for the irreparable harm caused by Defendant's infringing activities, and all gains, profits and advantages obtained by Defendant as a result therefrom, enhanced discretionary damages, treble damages and/or statutory damages

11

of up to $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Federal Trademark Dilution (15 U.S.C. § 1125 (c))

59.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

60.    As a result of Plaintiff's widespread and continuous use of his GREEK FREAK mark in commerce in the United States and as a result of Plaintiff's fame and direct association with such mark, the GREEK FREAK mark is famous within the meaning of relevant statutes.

61.    Defendant's unauthorized commercial use of the GREK FREAK mark was willfully intended to trade on Plaintiff's reputation.

62.    Defendant's unauthorized commercial use of the GREEK FREAK mark has caused and continues to cause irreparable injury to Plaintiff and his business reputation and has diluted the distinctive quality of Plaintiff's famous GREEK FREAK mark within the meaning of 15 U.S.C. § 1125(c).

63.    Upon information and belief, Defendant has profited or will profit through his wrongful conduct and activities.

64.    Defendant's conduct complained herein is malicious, fraudulent, deliberate, and/or willful.

65.    As a result of Defendant's conduct, Plaintiff is entitled to injunctive relief, and is entitled to recover damages by reason of Defendant's acts.

### FOURTH CAUSE OF ACTION
### False designation of Origin, Passing Off and Unfair Competition
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

66.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

67.     Plaintiff as the owner of all right, title and interest in and to the GREEK FREAK mark, has standing to maintain an action for false designation of origin and unfair competition under Federal Trademark Statute, Lanham Act § 43(a) (16 U.S.C. § 1125).

68.     Since 2017, Plaintiff has continuously and extensively advertised and marketed his products under his GREEK FREAK mark throughout the United States.

69.     Plaintiff's GREEK FREAK mark is inherently distinctive.

70.     As a result of Plaintiff's continuous use of the GREEK FREAK mark in connection with his products and Plaintiff's reputation and fame, the GREEK FREAK mark has become widely recognized among consumers as a source-identifier of Plaintiff's products.

71.     Defendant's unauthorized use of the GREEK FREAK mark in connection with phone case products causes confusion, mistake, and deception as to the source, sponsorship, or approval of Defendant's products by Plaintiff and results in the mistaken belief that Defendant and his products are somehow legitimately affiliated, connected or associated with Plaintiff.

72.     By designing, advertising, marketing, promoting, distributing, offering for sale or otherwise dealing with the infringing products, Defendant has traded off the goodwill of Plaintiff and his products, thereby directly and unfairly competing with Plaintiff.

73.     Defendant knew, or by the exercise of reasonable care should have known, that the infringing products would cause confusion, mistake and deception among consumers and the public.

74.     Defendant's aforesaid acts constitute willful unfair competition with Plaintiff, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

75.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive consumers and were performed with the intent to trade on the goodwill and reputation of Plaintiff.

76.     By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenue and profits.

77.     Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

## FIFTH CAUSE OF ACTION
### Common Law Trade Name, Trademark Infringement

78.     Plaintiff incorporated by reference each and every allegation in the foregoing paragraphs of this Complaint.

79.     Plaintiff has established and enjoys common law trade name and trademark rights in the GREEK FREAK mark in connection with clothing and related products, through continuous, extensive and uninterrupted use of the mark in commerce throughout the United States.

80.     By his wrongful acts, Defendant has caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill, reputation and proven business success associated with the GREEK FREAK mark.

81.     Upon information and belief, Defendant has profited and will profit by his conduct and activities.

14

82.   Upon information and belief, Defendant's conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

83.   Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## Deceptive Acts and Unfair Trade Practices (N.Y. Gen Bus L. § 349)

84.   Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

85.   Defendant's activities consist of deceptive acts and practices in the conduct of his business.

86.   Defendant's aforementioned deceptive acts are aimed at consumers, and are materially misleading with respect to the source, sponsorship, and affiliation or approval of Defendant's activities, and/or falsely suggest that Defendant is somehow legitimately affiliated, connected, or associated with Plaintiff.

87.   Plaintiff has been, and will continue to be, damaged by Defendant's deceptive acts and practices in an amount to be determined at trial.

88.   Defendant has caused, and will continue to cause, irreparable injury to Plaintiff and to the public unless restrained by this Court, pursuant to N.Y. Gen. Bus. L. § 349.

## SEVENTH CAUSE OF ACTION
## Trademark Dilution (N.Y. Gen. Bus. L. § 360-1)

89.   Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

90.   Defendant's aforesaid acts have created a likelihood of injury to the business reputation of Plaintiff and likelihood of dilution of the distinctive quality of the GREEK FREAK mark.

91.    Defendant's acts have caused, and will continue to cause irreparable injury to Plaintiff unless restrained by this Court, pursuant to N.Y. Gen. Bus. L. § 360-1.

## EIGHTH CAUSE OF ACTION
### Common Law Unfair Competition

92.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

93.    Defendant's aforesaid activities constitute deliberate passing off, unfair competition, misappropriation, unjust enrichment, unfair and fraudulent business practices, and misuse of Plaintiff's GREEK FREAK mark under the common law of the State of New York.

94.    Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

95.    By reason of Defendant's aforesaid acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

96.    Unless and until enjoined by this Court, Defendant will continue to perform the acts complained herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law for Defendant's wrongful acts.

## NINTH CAUSE OF ACTION
### Unjust Enrichment

97.    Plaintiff incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

98.    By virtue of the egregious and illegal acts of Defendant as described herein, Defendant has been unjustly enriched in an amount to be proven at trial.

99.     Defendant's retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

## TENTH CAUSE OF ACTION
### Tortious Interference with Prospective Economic Advantage

100.     Plaintiff incorporated by reference each and every allegation in the foregoing paragraphs of this Complaint.

101.     Plaintiff has enjoyed long and successful business relationships with its authorized distributors and customers.

102.     Defendant's conduct has interfered with these relationships and constitutes tortious interference with prospective business relationships with these distributors and customers.

103.     Defendant employed wrongful means in an effort to harm Plaintiff, Plaintiff's reputation, Plaintiff's relationship with his customers and his distribution network, for which Defendant and any other identified person or entity who has acted in concert or in participation with him, are liable to Plaintiff for actual and punitive damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION
### False Labeling in Violation of the Lanham Act

104.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

105.     Defendant has used the GREEK FREAK mark in order to promote, distribute, offer for sale and sell his products, *inter alia*, by labeling such products with the GREEK FREAK mark.

106.    Defendant's actions constitute a direct violation of Plaintiff's trademark rights in the GREEK FREAK mark.

107.    Plaintiff is the sole owner of the GREEK FREAK mark.

108.    Defendant's false labeling has caused confusion, mistake, and deception among buyers of the counterfeited products and all purchasers of the GREEK FREAK products as to Defendant's affiliation, connection, or association with Plaintiff and Plaintiff's authorized distributors.

109.    The false trade statements have also caused confusion, mistake, and deception among buyers of the counterfeited products and all purchasers of the GREEK FREAK brand products as to the origin, sponsorship, approval or endorsement by Plaintiff of the above-pled counterfeit goods.

110.    By setting forth the false labeling on the counterfeit goods, and as pled above in this Complaint, Defendant has proximately contributed to the harm that Plaintiff has suffered.

111.    Defendant has therefore committed an actionable wrong under 15 U.S.C. § 1125(a)(1)(A) and is liable to Plaintiff for such remedies as are afforded it under 15 U.S.C. §§ 1117 and 1125(a)(1).

## TWELFTH CAUSE OF ACTION
### Conspiracy and Concert of Action

112.    Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

113.    Upon information and belief, Plaintiff has conspired with unknown manufacturers and/or suppliers in the U.S. and/or overseas and other persons to illegally manufacture and/or import in the United States, products under the GREEK FREAK mark.

114.     Defendant's conduct combined with the conduct of unknown third parties constituted conspiracy and concert of action to tortuously interfere with Plaintiff's business, for which each conspirator is liable to Plaintiff for damages.

## THIRTEENTH CAUSE OF ACTION
### Violation of Right of Publicity

115.     Plaintiff incorporates by reference each and every allegation in the foregoing paragraphs of this Complaint.

116.     Defendant knowingly used the Plaintiff's portrait, likeness and nickname, which is part of Plaintiff's identity; such use resulted in Defendant's commercial advantage; such use was made without Plaintiff's consent; and the Plaintiff has been injured financially because of such use.

117.     Defendant used Plaintiff's portrait, likeness and nickname through Defendant's website, which is accessible by and targets consumers throughout the U.S., including New York.

118.     Defendant has therefore committed an actionable wrong under NY Vic Rights Law § 50 and is liable to Plaintiff for such remedies as are afforded it under NY Civ. Rights Law § 51.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendant on all its claims and award the following to Plaintiff:

1.     Preliminary and permanent injunctive relief enjoining Defendant and his agents, attorneys, employees, and all others in active concern or participation with them from:

(a)     any further acts of infringement of Plaintiff's intellectual property rights in the GREEK FREAK mark, and in any similar mark Plaintiff owns, uses and/or may use.

19

(b)      using Plaintiff's portrait, likeness and/or the GREEK FREAK mark and any variation that is confusingly similar to the Plaintiff's mark unless expressly and specifically authorized by Plaintiff.

(c)      doing any act or thing that is likely to dilute the distinctiveness of Plaintiff's GREEK FREAK mark or that is likely to tarnish the goodwill associated with it.

2.      An order, pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of injunction issued by this Court, a sworn statement setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      The following damages:

(a)      All monetary actual and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendant's unlawful conduct, said amount to be trebled pursuant to 15 U.S.C. § 1117 N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute;

(b)      All exemplary and/or punitive damages to which Plaintiff is entitled under statutory or common law;

(c)      Pre-judgment interest according to law;

(d)      Plaintiff's reasonable attorney's fees, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. L. § 349, N.Y. Gen. Bus. L. § 360-m, and/or any other applicable statute, together with the costs and disbursements of this action; and

4.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Giannis Antetokounmpo, an individual, hereby demands a jury trial.

Dated: New York, New York
        February 18, 2020

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By: _____

Anastasi Pardalis
*Attorneys for Plaintiff*
950 Third Avenue, 25th Floor
New York, NY 10022
Tel.: (718) 777 0400
Fax: (718) 777 0599
taso@pnlawyers.com